**Reversed and Remanded; Memorandum Opinion filed July 23, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00100-CV

**MARIA MARGARITA ROJAS; MATERNAL AND CHILD HEALTHCARE AND RESEARCH CENTER LLC D/B/A CLINICA LATINOAMERICANA; CLINICAS LITINOAMERICANAS; CLINICA-WALLER LATINOAMERICANA; CLINICA-TELGE LATINOAMERICANA A/K/A CLINICA DE LA MUJER A/K/A HOUSTON BIRTH HOUSE, Appellants**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Cause No. CV25-03-0062**

### MEMORANDUM OPINION

It is a long-standing rule in Texas that, absent agreement, affidavits cannot be used as evidence in support of a temporary injunction. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968). Although the suit underlying this interlocutory appeal involves allegations that the appellants, a

licensed midwife and a group of associated clinics, performed illegal abortions and practiced medicine without a license, this opinion does not decide whether those acts occurred. Instead, it turns on the fact that the State of Texas did not provide the trial court with sufficient evidence on which the trial court could grant a temporary injunction.

We conclude that the trial court improperly admitted probable-cause affidavits from a related but separate criminal case and that the remaining evidence is insufficient to reasonably support the existence of a probable right of recovery. Consequently, because the trial court abused its discretion in granting temporary injunctive relief, we reverse the trial court's temporary-injunction order and remand to the trial court for further proceedings.

## BACKGROUND

In 2025, the Medicaid Fraud Control Unit within the Attorney General's Office investigated Maria Rojas, a licensed midwife, and a group of related clinics managed by Rojas (collectively, the Clinics) based on an anonymous e-mail complaint that abortions had been performed at one of the clinics. Following the investigation, the State obtained an arrest warrant against Rojas and search warrants for the clinics. The warrants were supported by probable-cause affidavits by the lead investigator, Lieutenant Edward Wilkerson, a licensed peace officer with the Medicaid Fraud Control Unit. Following execution of the warrants, Rojas was arrested, and the criminal proceeding against her remains pending.

Three days after Rojas's arrest, the Texas Attorney General, in the name of the State of Texas, filed the civil suit underlying this appeal. In this suit, the State seeks civil penalties and a temporary and permanent injunction based on allegations that Rojas and the Clinics violated the Texas Human Life Protection Act (HLPA) by

2

performing or attempting to perform abortions and that they violated the Texas Medical Practice Act (MPA) by practicing medicine without a license. *See* Tex. Health & Safety Code §§ 170A.001–.007 (Human Life Protection Act); Tex. Occ. Code § 155.001 ("A person may not practice medicine in this state unless the person holds a license issued under [Occupations Code Subtitle B].").

The trial court subsequently held a hearing on the State's application for a temporary injunction. At the hearing, the State presented, among other documents, the arrest warrants and the probable-cause affidavits from the criminal case against Rojas. The trial court admitted the warrants and affidavits over the objections of Rojas and the Clinics but specifically excluded hearsay witness statements contained in the affidavits. The trial court also excluded the anonymous e-mail complaint. The State called one witness, Rojas, who invoked her Fifth Amendment right against self-incrimination in response to all substantive questions. Rojas and the Clinics did not present any evidence.

The trial court signed an order granting the State's application for temporary injunction, enjoining Rojas and the Clinics "from practicing medicine or performing abortions in violation of State law." Rojas and the Clinics filed this interlocutory appeal, seeking to set aside the temporary-injunction order.

**STANDARD OF REVIEW**

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, the applicant must plead and prove three elements: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *State By & Through Off. of Att'y Gen. of Tex. v. City of San Marcos*, 714 S.W.3d 224, 234 (Tex.

3

App.—15th Dist. 2025, pet. denied) (citing *State v. Hollins*, 620 S.W.3d 400, 405 (Tex. 2020) (per curiam)). To show a "probable right to relief," the applicant need not establish that it will prevail upon a final trial on the merits. *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961). Rather, the applicant must present evidence sufficient to raise a bona fide issue as to its right to ultimate relief. *See In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (orig. proceeding) ("The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery." (quoting *Camp*, 348 S.W.2d at 519)); *Sands v. Estate of Buys*, 160 S.W.3d 684, 687 (Tex. App.—Fort Worth 2005, no pet.) ("To show a probable right of recovery, the applicant . . . must, at the very least, present some evidence that, under the applicable rules of law, tends to support its cause of action.").

We review a trial court's decision to grant or deny a temporary injunction for an abuse of discretion. *Butnaru*, 84 S.W.3d at 204. Under this standard, we will not reverse a trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Id.* at 211. A temporary injunction is an abuse of discretion if the evidence does not reasonably support the existence of a probable right of recovery or probable injury. *See Camp*, 348 S.W.2d at 519 ("[A] trial judge abuses his discretion if he grants a [temporary injunction] when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery . . . ."); *Sands*, 160 S.W.3d at 687; *Bureaucracy Online, Inc. v. Schiller*, 145 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.).

# ANALYSIS

On appeal, Rojas and the Clinics assert that the trial court abused its discretion because the evidence is insufficient to reasonably support the conclusion that the State has "a probable right to the relief sought." Specifically, Rojas and the Clinics contend that the State's claims, under both the HLPA and MPA, are predicated on allegations that Rojas and the Clinics conducted abortions and that the only evidence presented at the hearing to support these allegations was Lieutenant Wilkerson's probable-cause affidavits, which should have been excluded from evidence.

At the temporary-injunction hearing, counsel for Rojas and the Clinics objected to the admission of the arrest warrants and probable-cause affidavits when they were offered into evidence by the State. Specifically, Rojas and the Clinics objected on the grounds that the documents were not properly authenticated and that they are hearsay and contain "layers of hearsay" within them. In addition, Rojas and the Clinics objected to the affidavits, in their entirety, as inadmissible as a matter of law for the purpose of proving entitlement to a temporary injunction. In response, the State argued that the documents were admissible under Texas Rule of Evidence 803(8), which provides an exception to the hearsay rule for certain public records, and that the documents were sufficiently authenticated because the warrants themselves show they had been signed by the current trial court judge, albeit in a different proceeding. After considering their admissibility, the trial court admitted the arrest warrants and probable-cause affidavits, with the exception of certain hearsay statements contained in the affidavits—specifically, statements made by witnesses to investigators.

A party seeking temporary injunctive relief must prove its probable right to relief and probable injury by presenting competent evidence at a hearing. *Millwrights*, 433 S.W.2d at 686. In the absence of an agreement between the parties,

5

the proof required to support a temporary injunction order may not be made by affidavit. *Id.*; *see State v. Zurawski*, 690 S.W.3d 644, 654 n.3 (Tex. 2024) (concluding that trial court properly excluded affidavit evidence presented at temporary-injunction hearing, citing *Millwrights*, 433 S.W.2d at 686); *Danbill Partners, L.P. v. Sandoval*, 621 S.W.3d 738, 745 (Tex. App.—El Paso 2020, no pet.); *but see Pierce v. State*, 184 S.W.3d 303, 307 (Tex. App.—Dallas 2005, no pet.) ("We conclude a trial court may issue a temporary injunction based on affidavit testimony *admitted into evidence* at the hearing thereon."). Here, the State does not contend, and the record does not reveal, that the parties reached an agreement to allow for the admission of the affidavits at the temporary-injunction hearing. To the contrary, Rojas and the Clinics objected to the admission of the affidavits when offered by the State. As a result, the trial court abused its discretion in admitting the probable-cause affidavits.[1] *See In re Estate of Lopez*, 724 S.W.3d 847, 850 (Tex. 2025) ("We review a trial court's admission of evidence for an abuse of discretion.").

Without the probable-cause affidavits, the remaining evidence in the record does not reasonably support the State's allegations that abortions have been performed at the Clinics and, consequently, that the State has a "probable right to

---

[1] Without the probable-cause affidavits, the only evidence that could, potentially, support a finding that abortions had been performed is Rojas's testimony invoking her privilege against self-incrimination. *See Wilz v. Flournoy*, 228 S.W.3d 674, 677 (Tex. 2007) (per curiam) (explaining that factfinder in civil case is "free to draw negative inference from [a witness's] repeated invocations of the Fifth Amendment"). In the absence of other probative evidence, however, we cannot conclude that any adverse inferences that may be drawn from Rojas's invocation of her privilege are sufficient, standing alone, to reasonably support a finding that Rojas and the Clinics performed abortions. *See Webb v. Maldonado*, 331 S.W.3d 879, 883 (Tex. App.—Dallas 2011, pet. denied) ("Without some probative evidence as to the elements of the [plaintiff's] claims, any negative inference that might be drawn from [the defendant's] invocation of his privilege against self-incrimination cannot rise beyond mere suspicion.").

relief" on its claims that Rojas and the Clinics violated the HLPA and MPA.[2]  The trial abused its discretion in granting the temporary injunctive relief.[3]  *See Camp*, 348 S.W.2d at 519.

## CONCLUSION

We reverse the trial court's temporary injunction order and remand to the trial court for further proceedings consistent with this opinion.


/s/ Scott K. Field
Scott K. Field
Justice


Before Chief Justice Brister and Justices Field and Farris.

---

[2]  The State also argues on appeal that the evidence shows that Rojas and the Clinics violated the MPA based on actions other than performing abortions and that Rojas held herself out as a licensed physician.  But the State's live pleadings in the trial court simply state: "By performing abortions without a physician's license, Defendants have violated the [MPA]."  The State did not allege that Rojas engaged in any other acts that violate the MPA.  In addition, the only evidence presented of these other actions—aside from the probable-cause affidavits—were website printouts listing the Clinics as providing "Doctor Examination" and "Procedures and Minor Surgeries."  We cannot conclude that the State met its burden of pleading and proving a cause of action and probable right to relief under the MPA based on other actions.  *See Butnaru, v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

[3]  Because we conclude that the evidence is insufficient to support the temporary injunction, we need not decide Rojas and the Clinics's issues concerning whether the temporary injunction comports with the requirements of Rule 683 of the Texas Rules of Civil Procedure and whether the State has the authority to obtain temporary injunctive relief for violations of the HLPA and MPA.  *See* Tex. R. App. P. 47.1.